SO ORDERED.

SIGNED this 24th day of January, 2017.




Robert E. Nugent
United States Bankruptcy Judge

_____

DESIGNATED FOR ONLINE PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: <br><br> SUSAN KAY SWAFFORD <br><br>               Debtor. | Case No. 16-11269 <br> Chapter 13 |
| STATE OF KANSAS, ex rel., <br> Lana Gordon, Secretary of Labor <br><br>               Plaintiff, <br> vs. <br><br> SUSAN KAY SWAFFORD, <br><br>               Defendant. | Adv. No. 16-5141 |

### ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

1

The Kansas Department of Labor (KDOL) moves to strike Susan Swafford's affirmative defenses pleaded in her answer to KDOL's complaint.[1] KDOL claims the defenses are insufficient as a matter of law and are therefore subject to being stricken under Fed. R. Civ. P. 12(f).[2] KDOL claims that Swafford's obligations to the State of Kansas for unemployment compensation overpayments should be excepted from her discharge as having been fraudulently obtained.[3] Swafford's answer denies or disavows knowledge of most of the KDOL's allegations and asserts, in addition, that the action is barred by Swafford's previous bankruptcy discharge, the statute of limitations, estoppel, laches, waiver, failure of consideration, and *res judicata.*[4] None of these affirmative defenses are sufficient as a matter of law and all should be stricken, but KDOL retains the burden to prove the factual and legal assertions it made in its complaint.

Facts

KDOL alleges that, from August to October of 2008, Susan Swafford misrepresented her employment status to secure payment of unemployment compensation. It further alleges that Ms. Swafford was found to not qualify for the unemployment compensation she received in 2008 in two separate KDOL examiner determinations made in late 2008 and early 2009 pursuant to KAN. STAT. ANN. § 44-

---

[1] Doc. 4. *See* Answer, Doc. 2, and Complaint, Doc. 1. Defendant did not file a response or an objection to KDOL's motion. The Court decides it as an uncontested motion that may be granted without further notice. *See* D. Kan. Rule 7.4(b).
[2] Fed. R. Civ. P. 12(f) is applicable to bankruptcy adversary proceedings, *see* Fed. R. Bankr. P. 7012.
[3] 11 U.S.C. § 523(a)(2)(A) and § 1328(a)(2).
[4] Doc. 2.

**2**

705. Ms. Swafford did not appeal either examiner's determination. While the complaint recites that the examiners each concluded that Ms. Swafford had obtained these unemployment benefits by fraud or misrepresentation, all that the Notices of Determination actually say is that she was "ineligible for unemployment insurance benefits"[5] and that she "was not meeting the eligibility requirements. . . [she] was not unemployed."[6] Nonetheless, the complaint adequately pleads that Ms. Swafford "intentionally and willfully misrepresented" material facts to induce KDOL to improperly pay unemployment benefits, that KDOL relied upon her misrepresentations in paying unemployment benefits, and that her debt to the KDOL for the overpayments should be excepted from her discharge under 11 U.S.C. § 523(a)(2)(A).[7]

Ms. Swafford filed a prior chapter 7 case here in 2012 and received a discharge in that year.[8] She did not schedule KDOL as a creditor in that case and KDOL insists it received no actual notice of it.[9] No proceeding to except any debt from discharge was filed in her 2012 case.

Analysis

---

[5] Ex. A attached to Complaint, Doc. 1.
[6] Ex. C attached to Complaint, Doc. 1.
[7] *See* Doc. 1, ¶s 27-32, 8 and 18.
[8] Case No. 12-10435 filed March 1, 2012. *See* Doc. 13, Order Discharging Debtor entered June 15, 2012. Prior to that, Ms. Swafford also filed a chapter 13 case here on December 16, 2008, Case No. 08-13243. That case was dismissed October 30, 2009 for failure to make plan payments and the KDOL was not scheduled as a creditor in that case either.
[9] *See* No. 12-10435, Doc. 1, pp. 36-38 (Verification of creditor matrix) and Adv. No. 16-5141, Doc. 5 (Affidavit of KDOL employee Teresa Morris averring that KDOL records do not show notice of Swafford's 2012 bankruptcy).

3

An affirmative defense is a basis for denying liability even if the facts of a complaint are true.[10] But pleading affirmative defenses is subject to the same heightened pleading standard applicable to plaintiff's complaint, requiring that they contain sufficient factual matter for an affirmative defense that is "plausible on its face," thereby complying with the *Twombly* and *Iqbal* pleading standards.[11] The Court observes that the conclusory manner in which Ms. Swafford pleads her affirmative defenses here, fails to satisfy the *Twombly* standard, and this deficiency alone would warrant granting the motion to strike.[12] Because the Kansas District Courts do not agree that the *Twombly* pleading standard applies to affirmative defenses, I will further consider Ms. Swafford's affirmative defenses seriatim.[13] A motion to strike an affirmative defense may be granted where the defense is insufficient as a matter of law.[14] A motion to strike affirmative defenses under Fed.

---

[10] *Speth v. 21st Mortgage Corp. (In re Nulik),* Adv. No. 08-5257, 2010 WL 5114734, *2 (Bankr. D. Kan. Dec. 8, 2010).
[11] *Hayne v. Green Ford Sales, Inc.,* 263 F.R.D. 647, 649-50 (D. Kan. 2009). *See* Doc. 2, ¶ 4 where defendant merely lists or recites the affirmative defenses without any factual context. *See also Bell Atlantic Corp v. Twombly,* 550 U.S. 544 (2007) (adopting the plausibility standard in evaluating sufficiency of pleaded complaint, and abrogating *Conley v. Gibson,* 355 U.S. 41 (1957)); *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (under plausibility standard, pleading that alleges labels and conclusions, formulaic recitation of elements, or naked assertions without factual enhancement are insufficient).
[12] *Hayne, supra* at 51-52.
[13] *See Falley v. Friends University,* 787 F. Supp. 2d 1255, 1256-57 (D. Kan. 2011) (noting that no appellate court has decided the issue and disagreeing with *Hayne, supra,* but recognizing that *Hayne* is the majority position)
[14] *Mazel v. Hopkins (In re Hopkins),* Adv. No. 13-1101, 2014 WL 2337325, *2 (Bankr. D. N.M. May 29, 2014).

4

R. Civ. P. 12(f), made applicable to adversary proceedings by Fed. R. Bankr. P. 7012(b) is the appropriate procedural mechanism to employ.[15]

Susan Swafford is not entitled to the defense of discharge in bankruptcy here. While she received a chapter 7 discharge in 2012, it is clear that this current KDOL debt was not discharged in that case. KDOL did not receive notice of the pendency of that case in time to except this debt from discharge in it. Section 523(a)(3)(B) clearly excepts from a debtor's discharge any debt that is not scheduled or listed in time for the creditor to file a proof of claim or a complaint to determine dischargeability under § 523(a)(2), (4), or (6), if the debtor knows the name of the creditor. A quick review of the file in Swafford's previous case shows that KDOL was not listed as a creditor or given notice of any proceedings there. The discharge she received in that case could not affect KDOL's rights in this one. That defense should be stricken.

Estoppel, laches, waiver, and failure of consideration can be briefly discussed together. Estoppel suggests that the debtor has taken some position in reliance on KDOL's purported inaction in pursuing its claims. Laches means that KDOL has waited so long to pursue this claim that it would be inequitable to permit it to proceed now. Waiver is the intentional relinquishment or abandonment by the KDOL to pursue Swafford for the overpayment that absolves the debtor of any duties to KDOL. Failure of consideration suggests that the KDOL is pursuing a contract action and that the debtor denies the existence of the contract. None of these defenses apply

---

[15] *Id.* at *3, citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1057058 (5th Cir. 1982) (Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law).

**5**

here, where the KDOL has pled an action to have Swafford's overpayment obligation declared nondischargeable. Absent some affirmative claim that KDOL somehow changed its legal position by, for instance, agreeing that the unemployment compensation was properly paid, the estoppel defense has no merit. Likewise, there is no indication that KDOL intentionally, or otherwise, relinquished its rights in bankruptcy in a way that will support a finding of waiver. KDOL timely filed this nondischargeability proceeding in this case – it couldn't challenge Swafford's discharge until she filed a case and sought one. Nor does anything in the pleadings suggest that KDOL has given up its right to pursue this action. Finally, KDOL has done what it was required to do to pursue this action by seeking and obtaining the examiners' determinations that Ms. Swafford was ineligible for the compensation she received. Ms. Swafford has chosen not to appeal those administrative determinations and they are final.

The affirmative defense of *res judicata* doesn't appear to benefit either party here. For the same reasons as articulated with respect to the affirmative defense of a bankruptcy discharge, the defendant can draw no comfort from having received her prior discharge. While not specifically fleshed out, the debtor appears to rely on her 2012 bankruptcy discharge, an adjudication in which the KDOL was not a party, the KDOL debt was not scheduled by Ms. Swafford, and the validity of the KDOL claim was never determined or allowed. In short, Swafford's debt to the KDOL and its

dischargeability was never raised in the prior bankruptcy. The affirmative defense of *res judicata* should be stricken as well.[16]

Finally, defendant asserts, without elaboration, that KDOL's action is barred by the statute of limitations. As is well articulated by Judge Karlin, there is no applicable statute of limitations on KDOL claims under the employment security law.[17] In several decisions, the Kansas appellate courts have held that where a state agency is carrying out a governmental function for the common welfare as opposed to a "proprietary function," KAN. STAT. ANN § 60-521 does not operate to make other statutes of limitation in article 5 of chapter 60 applicable. Because KDOL is enforcing the employment security law for the general welfare here, its actions are not proprietary and it cannot be barred from seeking to except Ms. Swafford's overpayment liability from her discharge.[18]

Conclusion

Even with the striking of Ms. Swafford's affirmative defenses, there may well remain a factual controversy concerning the nature of her statements and conduct and the extent to which they may support a finding that she obtained the

---

[16] *Res judicata* requires a prior adjudication on the same claim between the same parties. *See Jackson Trak Group, Inc. v. Mid States Port Authority,* 242 Kan. 683, 690, 751 P.2d 122 (1998) (describing four identities for *res judicata* to apply, including identity of things sued for; identity of the cause of action, and identity of persons and parties to the action); *Educational Credit Management Corp. v. Mersmann (In re Mersmann),* 505 F.3d 1033, 1049 (10th Cir. 2007) *(res judicata* elements*), abrogated on other grounds by United Student Aid Funds, Inv. v. Espinosa,* 559 U.S. 260, 130 S. Ct. 1367 (2010).
[17] *State ex rel. Gordon v. Oliver (In re Oliver)*, 547 B.R. 423 (Bankr. D. Kan. 2016).
[18] *Id.* at 427.

**7**

unemployment benefits by fraud under § 523(a)(2)(A), which requires an intent to deceive or defraud the KDOL.[19] Those issues remain for decision after a trial.

###

---

[19] *See Brown v. Felsen,* 442 U.S. 127 (1979) (*res judicata* no bar to dischargeability of debt established by state court judgment where judgment did not determine whether the debt was obtained by fraud, or some other basis that would render it nondischargeable under bankruptcy law); *DSC Nat'l Properties, LLC v. Johnson (In re Johnson),* 477 B.R. 156, 169 (10th Cir. BAP 2012) (scope of § 523(a)(2)(A) applies only to "frauds involving moral turpitude or intentional wrong" and requires that debtor acted with "subjective intent to deceive the creditor").

8