SO ORDERED.

SIGNED this 16th day of May, 2017.



_____
Robert E. Nugent
United States Bankruptcy Judge

_____

DESIGNATED FOR ONLINE PUBLICATION ONLY

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE:

SUSAN KAY SWAFFORD

              Debtor.

Case No. 16-11269
Chapter 13

STATE OF KANSAS, ex rel.,
Lana Gordon, Secretary of Labor

              Plaintiff,

vs.

SUSAN KAY SWAFFORD,

              Defendant.

Adv. No. 16-5141

## ORDER DENYING SUMMARY JUDGMENT

If a debtor incurs a debt by actual fraud, misrepresentation, or false pretenses, that debt is excepted from the debtor's discharge, provided that the creditor files and

1

successfully prosecutes a complaint under 11 U.S.C. § 523(c).[1] To prevail on a misrepresentation claim, that creditor must prove by a preponderance of the evidence that (1) the debtor made a false statement; (2) that she intended to deceive; (3) that the creditor relied on the debtor's statement; (4) that the reliance was justifiable; and (5) that the creditor was damaged as a result.[2] False pretense claims differ from misrepresentation claims in that the former are implied misrepresentations, through conduct or omissions, *intended* to create and foster false impressions.[3] Debtor's intent to deceive is an essential element of both claims.[4]

Here, Susan Kay Swafford applied for and received unemployment compensation after leaving her employment in late August, 2008. The State of Kansas, acting through its Department of Labor ("KDL") claims that she misrepresented both her employment status and income received during that time period in order to receive benefit overpayments. In its complaint, the State also claims she did so with intent to defraud the State and seeks summary judgment on its complaint. That request is based on two default administrative determinations made by an examiner of the KDL. One Notice of Determination was issued December 9, 2008 determining a $1,799 overpayment had been paid to Swafford[5] and one was

---

[1] 11 U.S.C. § 523(a)(2) and § 1328(a)(2).
[2] *Fowler Bros. v. Young (In re Young),* 91 F.3d 1367, 1373 (10th Cir. 1996); *EZ Loans of Shawnee, Inc. v. Hodges (In re Hodges)*, 407 B.R. 415, 419 (Bankr. D. Kan. 2009).
[3] *Bank of Cordell v. Sturgeon (In re Sturgeon),* 496 B.R. 215, 223 (10th Cir. BAP 2013).
[4] The KDL's complaint alleges that Swafford improperly obtained the unemployment benefits "based upon false pretenses or false representations." Complaint, ¶s 29 and 28.
[5] Adv. Doc. 14-1, pp. 1-2, Ex. 3, covering the weeks during the period September 6, 2008 through October 4, 2008.

**2**

issued January 8, 2009 determining an $814 overpayment.[6]

Nowhere in the KDL's lengthy brief or supporting affidavit is there a reference to any previous finding that Ms. Swafford acted with intent to defraud or deceive. The December Notice of Determination found that the debtor was "ineligible for … benefits under … K.S.A. 44-705."[7] All that Notice of Determination says in connection with Swafford's statements is "Claimant indicated when filing their [sic] weekly claim, or we received information from the employer, that they [sic] had separated from employment during that week."[8] The January Notice of Determination states that Swafford wasn't "meeting the eligibility requirements."[9] She was earning an amount equal or greater than the weekly benefit amount and "was not unemployed."[10] The debtor did not respond to KDL's November 20, 2008 request to verify or contest its conclusions about her employment and earnings during the period in question so the January Notice of Determination was entered by default.[11] These determinations of an overpayment of unemployment benefits and the amount of the overpayment are far from finding that Swafford's statements were knowingly false or that she intended to deceive or defraud KDL. Indeed, neither Notice of Determination

---

[6] Adv. Doc. 14-1, pp. 5-6, Ex. 1, covering the two weeks during the period August 30, 2008 through September 6, 2008.
[7] Adv. Doc. 14-1, p. 1.
[8] *Id.*
[9] Doc. 14-1, p. 5.
[10] *Id.*
[11] Doc. 14-1, pp. 3-4, Ex. 2.

**3**

suggests that the KDL examiner even considered whether debtor had committed fraud, let alone make such a finding or determination.[12]

After reviewing KDL's motion and supporting affidavit (and exhibits), the debtor's response, and KDL's reply, I conclude that material issues of fact remain and preclude summary judgment. The truth of Ms. Swafford's statements or representations to the KDL concerning her employment status and what she knew and intended at the time she made them are critical to determining whether her debt to the State should be excepted from her discharge for fraud. They remain issues for trial. [13] Summary judgment is rarely appropriate in fraud-based dischargeability proceedings and this case is no exception. KDL's motion for summary judgment is DENIED.

This matter is currently set for trial on June 13, 2017 at 9:00 a.m. and counsel are reminded that the final pretrial order is due on May 12, 2017.

# # #

---

[12] KDL also alleges that Ms. Swafford voluntarily left her employment, a statement she disputes. Voluntary separation under certain circumstances is a disqualifying circumstance under KAN. STAT. ANN. § 44-706(a) (2016 Supp.). So that material fact also remains for trial.

[13] I reminded KDL of this in the Order Granting Plaintiff's Motion to Strike Affirmative Defenses, see Adv. Doc. 11, pp. 7-8, fn. 19.

4